## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| STICKY'S HOLDINGS LLC, et al., | Case No. 24-10856 (JKS) |
| Reorganized Debtors.[1] | Jointly Administered |
| BRICK LAW PLLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 24-50223 (JKS) |
| STICKY'S HOLDINGS LLC, | Re: Adv. D.I. 1, 4, 5, 10, 11 & 12 |
| Defendant. | |

### OPINION[2]

Before the Court is Defendant Sticky's Holdings LLC's ("<u>Defendant</u>" or "<u>Sticky's</u>")

Motion to Dismiss Plaintiff's Complaint (the "<u>Motion</u>") for failure to state a claim pursuant to

Federal Rule of Civil Procedure 12(b)(6). Having considered the parties' submissions, and for

the reasons set forth herein, the Court will grant the Motion.

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Sticky's Holdings LLC (3586); Sticky Fingers LLC (3212); Sticky Fingers II LLC (7125); Sticky Fingers III LLC (3914); Sticky Fingers IV LLC (9412); Sticky Fingers V LLC (1465); Sticky Fingers VI LLC (0578); Sticky's BK I LLC (0423); Sticky's NJ 1 LLC (5162); Sticky Fingers VII LLC (1491); Sticky's NJ II LLC (6642); Sticky Fingers IX LLC (5036); Sticky's NJ III LLC (7036); Sticky Fingers VIII LLC (0080); Sticky NJ IV LLC (6341); Sticky's WC 1 LLC (0427); Sticky's Franchise LLC (5232); Sticky's PA GK I LLC (7496); Stickys Corporate LLC (5719); and Sticky's IP LLC (4569). The Reorganized Debtors' mailing address is 21 Maiden Lane, New York, NY 10038.

[2] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

## **PROCEDURAL BACKGROUND**[3]

On April 25, 2024 (the "Petition Date"), Sticky's and certain of its affiliates (collectively, the "Debtors" or "Company") filed voluntary petitions for relief under subchapter V of chapter 11 of the Bankruptcy Code.[4]

On November 13, 2024, the Court entered an Order confirming the Subchapter V Debtors' Modified First Amended Plan of Reorganization (the "Plan").[5]

On November 13, 2024, Brick Law PLLC ("Plaintiff" or "Brick Law" or the "Firm") filed an adversary complaint (the "Complaint") commencing this adversary proceeding.[6]

On January 13, 2025, Sticky's filed the Motion and its Opening Brief in support of the Motion.[7]  On January 27, 2025, Brick Law filed its Answering Brief along with the Declaration of Brian H. Brick, Esq.[8]  On February 3, 2025, Defendant filed its Reply Brief.[9]  A Notice of Completion of Briefing was filed on February 10, 2025.[10]

---

[3] The docket in the main bankruptcy case, *In re Sticky's Holdings, LLC*, Case No. 24-10856, is cited herein as "D.I. __." The docket in the adversary proceeding, *Brick Law PLLC v. Sticky's Holdings LLC*, Adv. Pro. No. 24-50223, is cited herein as "Adv. D.I. __."

[4] D.I. 1.

[5] D.I. 398 (Findings of Fact, Conclusions of Law, and Order Confirming Subchapter V Debtors' Modified First Amended Plan of Reorganization (the "Confirmation Order")).

[6] Adv. D.I. 1. (Adversary Complaint).

[7] Adv. D.I. 4 (Sticky's Holdings LLC's Motion to Dismiss Plaintiff's Complaint), 5 (Opening Brief of Defendant Sticky's Holdings LLC in Support of its Motion to Dismiss Plaintiff's Complaint).

[8] Adv. D.I. 10 (Plaintiff's Memorandum of Law in Opposition to Sticky's Motion to Dismiss the Adversary Complaint), 11 (Declaration of Brian H. Brick, Esq.).

[9] Adv. D.I. 12 (Reply Brief of Defendant Sticky's Holdings LLC in Support of Its Motion to Dismiss Plaintiff's Complaint).

[10] Adv. D.I. 13 (Notice of Completion of Briefing).

### FACTUAL BACKGROUND[11]

Sticky's hired Brick Law as its attorneys for a series of lawsuits. On July 17, 2020, the parties entered into a written engagement agreement (the "Engagement Agreement").[12]

During the several years Brick Law represented Sticky's, the Firm provided regular updates and reports about each matter to Sticky's personnel and management and sent monthly invoices to Sticky's and its finance team reflecting the time spent, and expenses incurred, on each matter.[13] Until early 2024, Sticky's timely paid Brick Law's invoices as they were received each month.[14]

On June 2, 2023, the New York County Supreme Court directed the entry of judgment against Sticky's and its affiliates for $576,069.05.[15] Sticky's management instructed Brick Law to pursue both a motion for re-argument of the summary judgment motion and an appeal, and assured the Firm it would reimburse the costs of the appeal.[16] The Firm successfully prosecuted the appeal and obtained a reversal of the judgment against Sticky's and its affiliates.[17]

Brick Law sent Sticky's Invoice Number 1027-01-2024-03, dated March 31, 2024, for professional services provided in March 2024, including the appeal (the "March Invoice").[18] The March Invoice contained 27.2 hours of time spent on Defendant's matters at a billing rate of $400 per hour ($10,880.00), plus $1,564.27 in expenses, and a carry-forward balance of

---

[11]  The Court adopts the facts from the Complaint, accepting all of the Complaint's well-pleaded facts as true and disregarding any legal conclusions. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

[12] *See* Adv. D.I. 1 at ¶¶20–25.

[13] *Id.* at ¶¶26–27.

[14] *Id.* at ¶28.

[15] *Id.* at ¶¶29–30.

[16] *Id.* at ¶¶31–32.

[17] *Id.* at ¶33.

[18] *Id.* at ¶36.

$11,343.49 that was then unpaid from a February 2024 invoice.[19]  Sticky's paid the February carry-forward balance, which left a remaining balance of $12,444.27 due for the March Invoice.[20]  According to Brick Law, Sticky's and its managers assured the Firm the March Invoice would be paid without hesitation or objection.[21]

Brick Law also sent Sticky's Invoice Number 1027-01-2024-04, dated April 30, 2024, for professional services related to the appeal (the "April Invoice").[22]  The balance due on the April Invoice is $5,992.25.[23]  The unpaid March Invoice and April Invoice (collectively, the "Invoices") total $18,436.52.[24]

On April 16, 2024, Brick Law spoke with Sticky's managing member, Jim Hart, by telephone, and Mr. Hart promised the Invoices would be paid.[25]

On April 17, 2024, Mr. Hart requested Brick Law send its open invoices and the Firm promptly sent the Invoices.[26]

On April 25, 2024, Sticky's filed for bankruptcy.[27]  The bankruptcy petition does not list Brick Law on the List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders.[28]  Brick Law asserts that the balance of the Invoices would be the sixth largest unsecured claim against Sticky's.[29]  Brick Law asserts that even though Sticky's and its

---

[19] *Id.* at ¶¶37–39.

[20] *Id.* at ¶40.

[21] *Id.* at ¶¶42–43.

[22] *Id.* at ¶46.

[23] *Id.* at ¶50.

[24] *Id.* at ¶52.

[25] *Id.* at ¶55.

[26] *Id.* at ¶¶56–58.

[27] *Id.* at ¶62; D.I. 1.

[28] *See id.* at ¶64.

[29] *Id.* at ¶65.

managers were fully aware of the Invoices, Sticky's intentionally omitted the amounts owed to Brick Law from its schedules and creditor matrix.[30]

In late September 2024, after the deadline for creditors to file proofs of claims, Sticky's informed Brick Law that it was not paying the Invoices.[31]

The Invoices remain unpaid and outstanding.[32]

## THE COMPLAINT

The Complaint asserts seven Counts: (1) Sticky's fraudulently induced Brick Law not to file a claim in the bankruptcy case, (2) Sticky's knowingly filed false statements with the Court, (3) the debt owed to Brick Law is nondischargeable under 11 U.S.C. § 523(a)(2) and (a)(3), (4) breach of contract, (5) *quantum meruit*, (6) unjust enrichment, and (7) account stated.[33] Sticky's seeks to dismiss the Complaint in its entirety.[34]

## JURISDICTION

This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.  This matter involves both core and non-core proceedings pursuant to 28 U.S.C. § 157.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b), challenges the sufficiency of the factual allegations in the complaint.[35]  Rule 12(b)(6) is related to Rule 8(a)(2), which requires

---

[30] *Id.* at ¶66.

[31] *See id.* at ¶68.

[32] *Id.* at ¶61.

[33] *See generally id.*

[34] *See generally* Adv. D.I. 5.

[35] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[36]  When a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the complaint "does not need detailed factual allegations, [but] a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[37]  Two "working principles" underly this pleading standard:

> First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.  Second, determining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense.[38]

Under this pleading standard, a complaint must nudge claims "across the line from conceivable to plausible."[39]  The movant carries the burden of showing that dismissal is appropriate.[40]  The relevant record for consideration includes the complaint and any document "integral to or explicitly relied upon in the complaint."[41]

In analyzing a motion to dismiss, the Third Circuit instructs courts to follow a three-part analysis.  "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"[42]  Second, the court must separate the factual and legal elements of the claim, accepting all of the complaint's well-pleaded facts as true and disregarding any legal conclusions.[43]  Third,

---

[36] Fed. R. Civ. P. 8(a)(2) and 12(b)(6), Fed. R. Bankr. P. 7008 and 7012.

[37] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (cleaned up).

[38] *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation omitted).

[39] *Twombly*, 550 U.S. at 547.

[40] *Paul v. Intel Corp. (In re Intel Corp. Microprocessor Antitrust Litig.)*, 496 F. Supp. 2d 404, 408 (D. Del. 2007).

[41] *U.S. Express Lines, Ltd. v. Higgins,* 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997)).

[42] *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 675).

[43] *Id.  See also Fowler*, 578 F.3d at 210–11 (citing *Iqbal*, 556 U.S. at 679).

the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.[44]  After conducting this analysis, the court may conclude that a claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.[45]

## ANALYSIS

### I.   Counts 1-3: Failure to State a Claim

#### A.   *Count 1: Fraudulent Inducement*

The Complaint alleges that, prior to filing bankruptcy, Sticky's requested copies of the unpaid Invoices and represented that the Invoices would be paid.  Brick Law argues that it reasonably and justifiably relied on Sticky's promises and false representations and was fraudulently induced not to pursue its rights and remedies as a creditor, and did not file a proof of claim.  It contends that Sticky's and its managers had no intent to pay the Invoices, knew their representations were false, and misled the Firm.

Sticky's argues Brick Law is enjoined from pursuing recovery of its post-petition claims pursuant to the exculpation provision in Article 7.11 of the Plan.  Article 7.11 provides:

> None of the Debtors, their Professionals, Greer, the Debtors' officers and directors, or the Subchapter V Trustee (collectively, the "Exculpated Parties") shall have or incur any liability to any Holder of a Claim or Equity Interest, or other party in interest, with respect to any Exculpated Claim, including, without limitation, any act or omission in connection with, related to, or arising out of, in whole or in part, the Debtors' Chapter 11 Cases from the Petition Date to the Effective Date of the Plan, except for willful misconduct, gross negligence, fraud or criminal misconduct as determined by a Final Order of a court of competent jurisdiction, and, in all respects, the Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under this Plan.[46]

---

[44] *Santiago*, 629 F.3d at 130.

[45] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[46] Plan, Art. 7.11.

Courts in this circuit regularly hold that exculpatory provisions are an affirmative defense.[47]  The determination of the viability of a defense is not proper at the motion to dismiss stage.[48]  Therefore, the Plan's exculpation provision is not a proper ground to dismiss the claim.

As to the claim itself, neither the Complaint nor Brick Law's Answering Brief assert which state law governs, and the Engagement Agreement was not filed with the Court.  Brick Law is a professional limited liability company organized under the laws of the State of New York with its principal place of business in New York, and Sticky's is a limited liability company organized under the laws of the State of Delaware with its principal place of business in New York.[49]  The elements of a fraudulent inducement claim are substantially similar under both New York and Delaware law.  To prove fraudulent inducement under New York law, a plaintiff must prove "(1) that the defendant made a representation [or omission], (2) as to a material fact, (3) which was false, (4) and known to be false by the defendant, (5) that the representation was made for the purpose of inducing the other party to rely upon it, (6) that the other party rightfully did so rely, (7) in ignorance of its falsity (8) to his injury."[50]  Under Delaware law, the elements of fraudulent inducement are "1) a false statement or misrepresentation; 2) that the defendant

---

[47] *See, e.g., Stanziale v. Nachtomi (In re Tower Air, Inc.)*, 416 F.3d 229, 242 (3d Cir. 2005); *Comm. of Equity Holders of Tectonic Network, Inc. v. Wolford*, 554 F. Supp. 2d 538, 561 (D. Del. 2008); *Opus E., L.L.C. v. Opus, L.L.C. (In re Opus E., L.L.C.)*, 480 B.R. 561, 572 (Bankr. D. Del. 2012) ("an exculpatory clause is considered an affirmative defense."); *Pinktoe Liquidation Tr. v. Dellal (In re Pinktoe Tarantula Ltd.)*, No. 20-50597 (LSS), 2023 Bankr. LEXIS 1030, at *16 (Bankr. D. Del. Apr. 14, 2023) ("Plaintiff is correct that an exculpatory provision is in the nature of an affirmative defense. It is generally not proper to adjudicate the viability of an affirmative defense on a motion to dismiss.").

[48] *See In re Tower Air, Inc.,* 416 at 242 (noting that "affirmative defenses generally will not form the basis for dismissal under Rule 12(b)(6)"); *Deckard v. General Motors Corp.,* 307 F.3d 556, 560 (7th Cir. 2002) (concluding that granting a motion to dismiss based on an affirmative defense is improper because "the existence of a defense does not undercut the adequacy of the claim"); *Balasiano v. Borell (In re Furniture Factory Ultimate Holding, L.P.)*, No. 22-50390 (JKS), 2023 Bankr. LEXIS 2164, at *28 (Bankr. D. Del. Aug. 31, 2023) ("The exculpation clause is an affirmative defense and the determination of the viability of that defense is not proper at this stage."); *In re Pinktoe Tarantula Ltd.*, 2023 Bankr. LEXIS, at *16.

[49] *See* Adv. D.I. 1 at ¶¶14–15; D.I. 1.

[50] *Logan Generating Co., L.P. v. Dann Marine Towing, LC*, 669 F. Supp. 3d 321, 339–40 (D.N.J. 2023) (citing *Computerized Radiological Servs. v. Syntex Corp.*, 786 F.2d 72, 76 (2d Cir. 1986).

knew was false or made with reckless indifference to the truth; 3) the statement induced the plaintiff to enter the agreement; 4) the plaintiff's reliance was reasonable; and 5) the plaintiff was injured as a result."[51]

Whether applying New York or Delaware law, Brick Law fails to allege a plausible claim for fraudulent inducement.  First, the Complaint fails to allege that Sticky's made a statement it knew was false.  Sticky's personnel's statement that the Invoices would be paid and Sticky's ultimate failure to do so is not the same as making a knowingly false statement.  To reach such a conclusion requires a factual and logical leap that is not sufficiently pleaded in the Complaint.  Second, even if Sticky's knew it was not going to pay the Invoices, the Complaint fails to plausibly allege Brick Law's reasonable reliance on the statements.  Plaintiff is a law firm that handles a range of business litigation and other legal matters.  It is, on its face, not reasonable for a law firm creditor, a sophisticated party with legal expertise, to disregard a court noticed bar date (as well as the Federal Rules of Bankruptcy Procedure and case law) and forego filing a proof of claim to protect its interests, in favor of a client's representation regarding payment of Invoices.  Brick Law's claim for fraudulent inducement is not plausible, so the Court will grant the Motion as to Count 1 of the Complaint.

B.      *Count 2: Filing Knowingly False Statements with the Bankruptcy Court*

In Count 2 of the Complaint, Brick Law asserts that it is entitled to damages because Sticky's knowingly made false declarations under penalty of perjury relating to the bankruptcy case in violation of 18 U.S.C. § 152 and 18 U.S.C. § 157.[52]  More specifically, Brick Law argues that Sticky's CEO signed the bankruptcy petition and omitted Brick Law from the List of

---

[51] *Student Fin. Corp. v. Royal Indem. Co. (In re Student Fin. Corp.)*, Civil Action No. 03-507 JJF, 2004 U.S. Dist. LEXIS 4952, at *23 (D. Del. Mar. 23, 2004) (citing *Lord v. Souder*, 748 A.2d 393, 402 (Del. 2000)).

[52] Adv. D.I. 1 at ¶¶92–112.

Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204) and signed the Declaration Under Penalty of Perjury for Non-Individual Debtors (Official Form 202).[53]

Sticky's again argues Brick Law is enjoined from pursuing recovery pursuant to the exculpation provision in Article 7.11 of the Plan.  As discussed above, the exculpation provision is an affirmative defense, and the determination of the viability of a defense is not proper at the motion to dismiss stage.

18 U.S.C. § 152 prohibits a person from making a "false oath or account in or in relation to any case under title 11;" from making "a false declaration . . . in or in relation to any case under title 11;" or from falsifying any recorded information relating to the financial affairs of a debtor.  A violation of the statute carries a criminal punishment of a fine, imprisonment for no more than five years, or both.[54]  Likewise, 18 U.S.C. § 157 provides for criminal punishment of a fine, imprisonment for no more than five years, or both for perpetuating bankruptcy fraud.

A private individual may bring suit under a federal statute only when Congress specifically intended to create a private right of action.[55]  The sections under Title 18 wherein Brick Law seeks relief are criminal statutes and do not provide, explicitly or implicitly, private

---

[53] *Id.* at ¶103.

[54] 18 U.S.C. § 152.

[55] *Boyd v. Wilmington Tr. Co.*, 630 F. Supp. 2d 379, 385 (D. Del. 2009) (citing *Hill v. DiDio*, 191 F. App'x 13, 14 (2d Cir. 2006)).

civil causes of action.[56]  Consequently, Count 2 of the complaint fails to allege a plausible claim for which Brick Law is entitled to relief.

The Court will grant the Motion as to Count 2 of the Complaint.

**C.**     ***Count 3: Nondischargeability Under Section 523***

In Count 3 of the Complaint, Brick Law argues the debt is not dischargeable under sections 523(a)(2) and 523(a)(3) of the Bankruptcy Code because they are based on false pretenses, false representations, actual fraud, and are not scheduled as an obligation of Sticky's.[57]

Sticky's argues that Brick Law is time-barred from asserting that its claims are nondischargeable because Bankruptcy Rule 4007(c) provides that a dischargeability complaint must be filed within 60 days after the first date set for the section 341(a) meeting of creditors.[58]

*i.*     <u>*Section 523(a)(2)*</u>

11 U.S.C. § 523(a)(2) provides that a debt obtained by "false pretenses, a false representation, or actual fraud" is not dischargeable.  The Court is to look to common law to determine what these terms mean.[59]  False pretenses, false representations and actual fraud each

---

[56] *See id. See also Nordeen v. Bank of Am. N.A. (In re Nordeen)*, 495 B.R. 468, 484–85 (9th Cir. 2013); *Edwards v. LVNV Funding, LLC (In re Edwards)*, 539 B.R. 360, 367 (Bankr. N.D. Ill. 2015); *Zinn v. Mortg. Lender of Am. & Co. (In re Zinn)*, No. 13-00708-LSS, 2017 Bankr. LEXIS 156 at *34 (Bankr. D. Md. Jan. 17, 2017); *Breeden v. Bennett (In re Bennett Funding Grp., Inc.)*, 367 B.R. 302, 325 (Bankr. N.D.N.Y. 2007), citing *Hill v. Didio,* 191 Fed.Appx. 13, 14 (2d Cir. 2006) ("A private individual may bring suit under a federal [criminal] statute only when Congress specifically intended to create a private right of action."); *Martin v. CitiFinancial (In re Martin)*, 387 B.R. 307, 313 (Bankr. S.D. Ga. 2007); *Wood v. United States (In re Wood)*, 341 B.R. 804, 812 (Bankr. S.D. Fla. 2006) (finding that the court was without jurisdiction to determine whether 18 U.S.C. § 152, a federal criminal statute, was violated and holding that there is no private right of action that arises under 18 U.S.C. § 152).

[57] Adv. D.I. 1 at ¶¶113–121.

[58] Adv. D.I. 5 at 9.

[59] *Johnston v. House (In re House)*, No. 23-50426 (LSS), 2024 Bankr. LEXIS 467, at *9 (Bankr. D. Del. Feb. 26, 2024) (citing *Field v. Mans*, 516 U.S. 59, 69, 116 S. Ct. 437, 133 L. Ed. 2d 351 (1995)).

involve a situation in which (x) someone acquires property through a misrepresentation which creates a misunderstanding of the transaction and (y) on which the other person relied.[60]

Here, Brick Law provided legal representation to Sticky's in March and April of 2024 pursuant to an Engagement Agreement.  The Complaint does not allege, nor are any facts asserted, that Sticky's made any misrepresentations to the Firm to obtain legal services or that the Firm relied on any misrepresentations when it entered the Engagement Agreement or continued to provide legal services.  The debt must be "obtained by" fraudulent representations, and the facts do not support a plausible claim that Sticky's made any fraudulent misrepresentation which would render the debt "obtained by" such falsities.  Thus, the Court finds the debt was not obtained through false or fraudulent representations.[61]

Even if there was a plausible claim under section 523(a)(2), that claim is time-barred. Section 523(c) provides that a debtor shall be discharged from a debt of a kind specified in paragraph (2), (4) or (6) of section 523(a), unless, the creditor requests the court determine that such debt be excepted from discharge under paragraph (2), (4) or (6) of section 523(a).[62] Bankruptcy Rule 4007 mandates that a complaint to determine dischargeability of a debt under section 523(c) "shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)."[63]  Further, a motion to extend the deadline to file a complaint for discharge "shall be filed before the time has expired."[64]

---

[60] *Id.*

[61] *See e.g., id.* (holding the exceptions in 523(a)(2) did not apply because a creditor willingly loaned money without relying on false or fraudulent misrepresentations).

[62] 11 U.S.C. § 523(c).

[63] Fed. R. Bankr. P. 4007(c).

[64] Fed. R. Bankr. P. 4007(c) (emphasis added).

The *Notice of Chapter 11 Bankruptcy Case* set August 5, 2024 as the deadline for filing a complaint for discharge, stating, "If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below. **Deadline for filing the complaint: 08/05/2024**."[65]  That notice also stated with respect to discharge of debts:

> Confirmation of a chapter 11 plan may result in a discharge of debt.  A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice.[66]

Brick Law received notice of the bankruptcy case and the deadline for filing a complaint and failed to file a complaint.[67]  It also did not seek to extend the time to file a complaint.  Brick Law is therefore barred from raising nondischargeability under section 523(a)(2).

### ii.  *Section 523(a)(3)(A)*

11 U.S.C. § 523(a)(3)(A) of the Bankruptcy Code provides an exception to discharge for debts that are neither scheduled nor listed under 11 U.S.C. § 521(a)(1), with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit timely filing of a proof of claim, "unless such creditor had notice or actual knowledge of the case in time for such timely filing."[68]  Even though the Brick Law debt was not scheduled under section 521(a)(1), Brick Law is listed on the creditor matrix.  Brick Law had actual notice of the bankruptcy filing.  Additionally, as discussed in detail below, the *Notice of Chapter 11 Bankruptcy Case* and *Notice*

---

[65] D.I. 71.

[66] *Id.*

[67] D.I. 75 at Ex. B.

[68] 11 U.S.C. § 523(a)(3).  Section 523(a)(3)(B) relates to debts of the kind specified in paragraphs (2), (4), and (6) of section 523(a).  Because the Court has determined the debts are not of the kind specified in section 523(a)(2), and Plaintiff does not seek a determination of dischargeability under paragraphs (4) or (6), section 523(a)(3)(B) does not apply.

*of Telephonic Section 341 Meeting* were served on Brick Law via electronic mail and first-class mail.  Brick Law does not allege it did not receive these notifications or that the name or address was incorrect.  The record also reflects that the parties were in communication prior to, and after, the bankruptcy filing.  In fact, the Debtors provided Brick Law with a copy of Sticky's petition and Notice of Suggestion for Bankruptcy for filing.[69]  Section 523(a)(3)(A) does not apply because Brick Law had actual knowledge of the bankruptcy case and the deadlines to file a proof of claim and a dischargeability complaint.[70]  Consequently, Brick Law is not entitled to relief under section 523(a)(3).

For the foregoing reasons, the Court will grant the Motion as to Count 3 of the Complaint.

## II.    Counts 4-7: The Plan Injunction

The Complaint alleges in Counts 4 through 7, respectively, (a) breach of contract based on Sticky's breach of the Engagement Agreement and failure to pay the Invoices, (b) *quantum meruit* for the reasonable value of services provided to Sticky's (including prosecuting and paying appeal costs) as reflected in the Invoices; (c) unjust enrichment for the benefits Sticky's obtained as a result of Brick Law's legal services; and (d) account stated based on Sticky's failure to object to, question, or challenge the Invoices.

Brick Law argues that Sticky's continued to represent, into September 2024, that it was consulting bankruptcy counsel regarding the payment of the Invoices.  It claims that "Sticky's

---

[69] *See* Adv. D.I. 11, Ex. 12.

[70] *See Hathiramani v. Nw. Mut. Life Ins. Co.*, No. 2:01-cv-430 (WJM), 2024 U.S. Dist. LEXIS 116346, at *15 (D.N.J. July 2, 2024) (holding section 523(a)(3)(A) did not apply because the parties were in contact regarding ongoing bankruptcy proceedings); *Long v. Sargent*, No. CV 20-2203 (RMB/KMW), 2021 U.S. Dist. LEXIS 36232, at *10 (D.N.J. Feb. 26, 2021) (creditor not entitled to relief under section 523(a)(3) where actual notice was given by opposing counsel); *United States v. Westley*, 7 F. App'x 393, 405 (6th Cir. 2001) ("[T]he moment the creditor receives notice or knowledge of the bankruptcy case, section 523(a)(3)(A) ceases to provide the basis for an exception from discharge.").

actively misled" it into believing the Invoices were being paid, "creating Plaintiff's belief it did not need to participate in Sticky's bankruptcy case as a creditor."  In addition, Brick Law argues the deadline to file a proof of claim should be equitably tolled.

Sticky's counters that Brick Law is barred from asserting Counts 4 through 7 because they are prepetition claims for which Brick Law failed to file a timely proof of claim.  In addition, Sticky's argues that the injunction provision of the Plan precludes Brick Law from pursuing the causes of action to collect the prepetition unsecured debt.[71]  Sticky's also maintains that Brick Law was aware, no later than September 2024, that Sticky's was precluded from paying prepetition invoices, and despite receiving notice of the November 13, 2024 confirmation hearing, took no action to protect its interests.[72]

### A.    *Brick Law Failed to File a Claim Before the Bar Date*

In *In re Grossman's Inc.*, the Third Circuit held that a "claim" arises when "an individual is exposed pre-petition to a product or other conduct giving rise to an injury, which underlies a 'right to payment' under the Bankruptcy Code."[73]  The Third Circuit has also recognized that the test to determine whether a claim is subject to a claims' bar date must also be reviewed in light of due process considerations.[74]  "Determining whether the discharge of claims satisfies due process includes an inquiry into the adequacy of notice of the claims bar date."[75]

The *Notice of Chapter 11 Bankruptcy Case* provided notice of, among other things: (i) the Debtors' chapter 11 bankruptcy filing; (ii) the deadline for filing proofs of claim for claims

---

[71] Adv. D.I. 5 at 6.

[72] Adv. D.I. 12 at 5.

[73] *JELD-WEN, Inc. v. Van Brunt (In re Grossman's Inc.)*, 607 F.3d 114, 125 (3d Cir. 2010).

[74] *Id.  See also In re New Century TRS Holdings, Inc.*, 465 B.R. 38, 45 (Bankr. D. Del. 2012).

[75] *In re New Century TRS Holdings* 465 B.R. at 45 (citing *In re Grossman's*, 607 F.3d at 127).

arising prior to the Petition Date; and (iii) the deadline for filing a nondischargeability

complaint.[76]  That notice also addressed the consequences for failure to file a proof of claim,

stating, in part:

> If your claim is not scheduled[77] or if your claim is designated as disputed,
> contingent, or unliquidated, you must file a proof of claim or you might
> not be paid on your claim . . . .  You may file a proof of claim even if your
> claim is scheduled.[78]

In addition, the *Notice of Telephonic Section 341 Meeting* stated, "If you are receiving this

notice, you have been identified as a party who may be a creditor, i.e. someone who may be

owed money by the Debtor." [79]

Brick Law does not contest receipt of the *Notice of Chapter 11 Bankruptcy Case*

announcing the deadlines for filing a proof of claim and a dischargeability complaint, or the

*Notice of Telephonic Section 341 Meeting*.[80]  The certificate of service reflects service of both

notices on Brick Law.[81]  Brick Law is also included on the Creditor Matrix.[82]  "For creditors who

receive the required notice, the bar date is a drop-dead date that prevents a creditor from

asserting claims unless [they] can demonstrate excusable neglect."[83]  The Court finds that Brick

---

[76] *See* D.I. 71.

[77] On May 23, 2024, Debtors filed the Schedules of Assets and Liabilities for Sticky's Holdings LLC (D.I. 108),
which did not list Brick Law as a creditor of Sticky's.

[78] D.I. 71.

[79] D.I. 69.

[80] The Certificate of Service (D.I. 75) reflects that the Notice of Telephonic Section 341 Meeting and Notice of
Chapter 11 Bankruptcy Case (D.I. 71) were served on Plaintiff via electronic mail: Brian Brick, Brick Law PLLC,
brianbrick@bricklawpllc.com; and first-class mail: Brick Law PLLC, Brian Brick, 2 Milford Close, White Plains
NY 10606.

[81] *Id.*

[82] See D.I. 65 (Notice of Filing Creditor Matrix).

[83] *In re New Century TRS Holdings*, 465 B.R. at 46 (citing *Berger v. Trans World Airlines, Inc. (In re Trans World
Airlines, Inc.)*, 96 F.3d 687, 690 (3d Cir. 1996) (internal quotations omitted)).

Law was on notice of the bankruptcy filing, its status as a creditor of Sticky's, and the deadline for filing a proof of claim and dischargeability complaint.

### B.     Equitable Tolling Does Not Apply

Brick Law argues that the deadlines should be equitably tolled based on Sticky's "misleading statements and active deception."[84]  Sticky's counters that Brick Law was afforded due process and received actual notice of the bankruptcy case, the claims bar date, and the deadline to contest dischargeability of a debt.

Equitable tolling is appropriate where one of three conditions is met: "(1) the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."[85]  "Equitable tolling is a rare, 'extraordinary remedy.'"[86]

As noted, Brick Law does not plausibly allege active misleading.  The facts show that Brick Law was afforded due process and received actual notice of the bankruptcy case, the claims bar date, and the deadline to contest dischargeability of a debt.  Despite actual notice of the deadline to file a proof of claim and dischargeability complaint, Brick Law disregarded the notices and did not file a proof of claim or a discharge complaint to protect its interests, relying instead on a client statement regarding payment of the Invoices.  The facts do not justify the extraordinary remedy of equitable tolling.

---

[84] Adv. D.I. 10 at 12.

[85] *Joseph v. Feit (In re Liberty Brands, LLC)*, 476 B.R. 443, 450 (Bankr. D. Del. 2012) (citing *In re Rowland*, 275 B.R. 209, 216 (Bankr. E.D. Pa. 2002)).

[86] *Aversano v. Santander Bank, N.A.*, 828 F. App'x 109, 112 (3d Cir. 2020) (citing *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005)).

Brick Law relies on several cases, but those cases are inapt.  In *Oshiver*, a Title VII employment discrimination case, the court found equitable tolling was appropriate because a critical fact that would have alerted a reasonable person to the alleged wrongdoing was not discovered until over a year after the wrongdoing.[87]  In *Seitzinger*, another Title VII employment discrimination case, the court held equitable tolling was appropriate where counsel affirmatively lied to his client and assured her the complaint was timely filed when it was not.[88]  In *In re Opus East*, the court equitably tolled the statute of limitations because the debtor concealed pre-petition transfers, and the trustee, who sufficiently carried out due diligence in seeking to learn the facts of the transfers, could not have reasonably known about the transfers until after the statute of limitations passed.[89]  Similarly, *In re Liberty Brands* the court equitably tolled the statute of limitations where the trustee could not have known key facts until after the statute of limitations already passed.[90]  The court in *In re Rychalsky* found equitable tolling was appropriate because the debtor misled the trustee which prevented the trustee from bringing claims within the required timeframe.[91]  Finally, *Lake v. Arnold* involved a plaintiff with a mental disability whose guardians failed to protect her by timely filing a complaint.[92]

Here, Brick Law knew Sticky's had not paid the Invoices prior to the Petition Date. Brick Law also had actual notice of the bankruptcy filing and the relevant deadlines for filing a claim and/or dischargeability complaint.  Further, the docket reflects that the Debtors never

---

[87] *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1392 (3d Cir. 1994).

[88] *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 241 (3d Cir. 1999).

[89] *In re Opus E., L.L.C.*, No. 09-12261 (MFW), 2013 WL 4478914, at *6 (Bankr. D. Del. Aug. 6, 2013).

[90] *In re Liberty Brands*, 476 B.R. at 450.

[91] *See DeAngelis v. Rychalsky (In re Rychalsky)*, 318 B.R. 61, 64 (Bankr. D. Del. 2004).

[92] *Lake v. Arnold*, 232 F.3d 360, 363 (3d Cir. 2000).

requested Court authority to pay the pre-petition Invoices, or to retain Brick Law as special

counsel or as an ordinary course professional for the Debtors.[93]

Brick Law, a law firm, is a sophisticated party, with actual notice of the bankruptcy case

and relevant deadlines.  All the relevant information was available for the Firm to adequately

assess and assert its rights by submitting a proof of claim and/or filing a complaint.  Based on

these facts, the Court finds equitable tolling is not appropriate.

C.    *The Plan Injunction*

Sticky's contends the pre-petition claims are barred by the injunction as set forth in the

Plan.  Article 7.12 of the Plan (Injunction Related to Third Parties) provides:

> From and after the Effective Date, all persons who have held, hold or may hold
> Claims against or Equity Interests in the Debtors are permanently enjoined from
> commencing or continuing in any manner, any Cause of Action released, to be
> released or discharged pursuant to this Plan, or the Confirmation Order, from and
> after the Effective Date, to the extent of the releases, exculpation and discharge
> granted in this Plan, all Holders of Claims or Equity Interests shall be
> permanently enjoined from commencing or continuing in any manner against the
> Released Parties and the Exculpated Parties and their assets and properties, as the
> case may be, any suit, action or other proceeding, on account of or respecting any
> claim, demand, liability, obligation, debt, right, cause of action, interest or remedy
> released or to be released pursuant to this Plan [sic] except as otherwise expressly
> provided in this Plan, the Plan Supplement or related documents, or for
> obligations issued pursuant to this Plan, all persons who have held, hold or may
> hold Claims or Equity Interests that have been released, discharged, or are subject
> to exculpation, are permanently enjoined, from and after the Effective Date, from
> taking any of the following actions: (a) commencing or continuing in any manner
> any action or other proceeding of any kind on account of or in connection with or
> with respect to any such Claims or Equity Interests; (b) enforcing, attaching,
> collecting or recovering by any manner or means any judgment, award, decree or
> order against such persons on account of or in connection with or with respect to
> any such Claims or Equity Interests; (c) creating, perfecting or enforcing any
> encumbrance of any kind against such persons or the property or estates of such
> persons on account of or in connection with or with respect to any such Claims or
> Equity Interests; and (d) commencing or continuing in any manner any action or

---

[93] Generally, absent court order, a chapter 11 debtor cannot make payments on account of prepetition claims except through a plan.  *See* 11 U.S.C. §1129(b)(1).  *See also* D.I. 152 (Debtors' Motion for Entry of an Order Approving Procedures for the Retention and Compensation of Ordinary Course Professionals Nunc Pro Tunc to the Petition Date).

other proceeding of any kind on account of or in connection with or with respect
to any such Claims or Equity Interests released, settled or discharged pursuant to
this Plan.[94]

The term "Claim" is defined in the Plan as any right to payment from the Debtors whether or not

such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured,

unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an

equitable remedy for future performance if such breach gives rise to a right of payment from the

Debtors, whether or not such right to an equitable remedy is reduced to judgment, fixed,

contingent, matured, disputed, undisputed, secured or unsecured.[95]

In addition to the injunction in the Plan, the Confirmation Order states, "Each release,

exculpation, and injunction provision set forth in the Plan is hereby approved."[96]  Further, section

1141 of the Bankruptcy Code describes the effect of confirmation of a plan in a chapter 11 case.

Pursuant to Section 1141(a):

(a) Except as provided in subsections (d)(2) and (d)(3) of this section, the
provisions of a confirmed plan bind the debtor, any entity issuing securities under
the plan, any entity acquiring property under the plan, and any creditor, equity
security holder, or general partner in the debtor, whether or not the claim or
interest of such creditor, equity security holder, or general partner is impaired
under the plan and whether or not such creditor, equity security holder, or general
partner has accepted the plan.[97]

Here, the Plan and the Confirmation Order preclude Brick Law from asserting any causes

of action against the Debtors on account of its claims.  Counts 4 through 7 each arise from

Sticky's pre-petition failure to pay pre-petition Invoices on account of pre-petition legal services.

---

[94] D.I. 368, Art. 7.12.

[95] Plan, Art. 11.21 (citing 11 U.S.C. § 101(5)).

[96] D.I. 398 at ¶6.

[97] 11 U.S.C. § 1141(a).

These are "Claims" as defined in the Plan and in the Bankruptcy Code.  As a result, the Plan

Injection enjoins Brick Law from pursuing Counts 4 through 7.[98]

## III.    Whether the Complaint was Properly Filed

Finally, Sticky's seeks dismissal of the Complaint on the grounds that Brick Law, a

professional liability company, is not permitted to represent itself pro se and was not authorized

to file the Complaint without counsel admitted to practice in the District of Delaware.[99]

Brick Law argues that law firms are permitted to represent themselves as an exception to

the requirement that an entity be represented by counsel, and since Brick Law is a law firm

representing itself pro se, Local Rule 9010-1(c) requiring Delaware counsel does not apply.[100]

Appearances in federal court are governed by 28 U.S.C. § 1654, which provides, "[i]n all

courts of the United States the parties may plead and conduct their own cases personally or by

counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes

therein."  The United States Supreme Court noted that it has been the law for the better part of

two centuries that a corporation may appear in the federal courts only through licensed

counsel.[101]  "As the courts have recognized, the rationale for that rule applies equally to all

artificial entities."[102]  The Third Circuit likewise has made clear, "[c]orporations, including

---

[98] *See Jones v. Samson Res. Corp. (In re Samson Res. Corp.)*, No. 19-50381 (BLS), D.I. 11 at ¶36–37 (Bankr. D. Del. May 26, 2020) (granting the motion to dismiss the adversary complaint because the plan injunction enjoined plaintiff from pursuing any pre-effective date claims or causes of action), *aff'd*, No. 20-725-RGA, 2021 U.S. Dist. LEXIS 58838, at *29 (D. Del. Mar. 29, 2021) ("Accordingly, the Bankruptcy Court properly held that 'the Plan Injunction enjoins Ms. Jones from pursuing the claims . . . .'").

[99] Adv. D.I. 5 at 10–12.

[100] Adv. D.I. 10 at 14.

[101] *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201, 113 S. Ct. 716, 721 (1993) (citing *Osborn v. President, Dirs. & Co. of Bank*, 22 U.S. (9 Wheat.) 738, 816 (1824)).

[102] *Id.*

limited partnerships, may appear in federal court only through counsel."[103]  The requirement that

partnerships and limited partnerships be represented by counsel is not only the rule in the federal

system, but across various states.[104]  Such is the case in Delaware courts.  In Delaware courts,

corporations must be represented by counsel[105] and cannot appear pro se.[106]

Brick Law cites several cases to support its argument that an exception exists for law

firms that appear pro se.[107]  However, the decisions cited do not support the position that "law

firms are permitted to represent themselves as an exception to the requirement that an entity be

represented by counsel."[108]  Rather, those cases involve law firms that are self-represented by

one of their own attorneys as counsel to the firm.[109]

---

[103] *Goldstein v. Roxborough Real Estate LLC*, 677 F. App'x 796, 798 (3d Cir. 2017); *In re 69 N. Franklin Tpk., LLC*, 693 F. App'x 141, 144 (3d Cir. 2017) ("It is well established that a corporate entity such as a limited liability company may not proceed pro se and must be represented by legal counsel."); *Lawson v. Nat'l Cont'l-Progressive Ins. Co.*, 347 F. App'x 741, 742 n.1 (3d Cir. 2009) ("Nate's Transportation, Inc. is a corporation and therefore cannot proceed as a pro se litigant.").

[104] *Ernest & Maryanna Jeremias Family P'ship, L.P v. Sadykov*, 11 N.Y.S.3d 792, 795 (NY App. Term 2nd Dept. 2015) (limited partnerships); *Forrest Prop. Mgmt. v. McGinnis*, No. 10-10-00273-CV, 2010 Tex. App. LEXIS 9029, at *1 (Tex. App. Nov. 10, 2010) (limited partnerships); *Naylor Senior Citizens Hous., LP v. Sides Constr. Co.*, 423 S.W.3d 238, 243 (Mo. 2014) (limited partnerships); *E & A Assocs. v. First Nat'l Bank*, 899 P.2d 243, 246 (Colo. App. 1994) (partnerships); *In re Lawrence Cty. Tax Claim Bureau*, 998 A.2d 675, 680 (Pa. Commw. Ct. 2010) (limited partnerships); *Expressway Assocs. II v. Friendly Ice Cream Corp.*, 34 Conn. App. 543, 551 (Conn. 1994) (partnerships).

[105] *Parfi Holding AB v. Mirror Image Internet, Inc.*, No. 18507, 2006 Del. Ch. LEXIS 69, at *5 n.4 (Del. Ch. Apr. 3, 2006) ("In Delaware, artificial entities must be represented by counsel."); *Transpolymer Indus. v. Chapel Main Corp.*, No. 284, 1990 Del. LEXIS 317, at *2 (Del. Sep. 18, 1990).

[106] *Mateson v. Mateson*, C.A. No. 14730, 1997 Del. Ch. LEXIS 69, at *2 (Del. Ch. Apr. 29, 1997) (noting that "in no event may the corporation appear pro se").  *See Gavin Solmonese, LLC v. True Line Wire (In re Boomerang Sys.)*, No. 17-50549 (MFW), 2017 Bankr. LEXIS 3201, at *6 (Bankr. D. Del. Sep. 21, 2017).  Black's Law Dictionary defines pro se as "[f]or oneself" or "on one's own behalf."  *Pro se*, BLACK'S LAW DICTIONARY (12th ed. 2024).

[107] Adv. D.I. 10 at 14–15.

[108] Adv. D.I. 10 at 14.

[109] A law firm that hires its own attorneys as counsel to represent the firm is distinguishable from the proposition that a law firm may appear pro se and without any counsel.  While on its face this may seem like a distinction without a difference, there is a practical and legal distinction.  A pro se litigant represents oneself in a legal proceeding and does not have counsel.  Therefore, a pro se litigant is not required to have Delaware counsel.  A corporation, like Brick Law, must have counsel to appear before this Court.  If Mr. Brick, a New York attorney, is counsel to Brick Law, he must associate with Delaware counsel in accordance with this Court's Local Rules.

Plaintiff has not presented, nor has the Court found, a single case applying federal law

that supports Plaintiff's argument that a broad exception exists for law firms to file complaints

pro se.[110]  The United States Supreme Court, the Third Circuit, and Delaware Courts have stated

in no uncertain terms that entities such as corporations, partnerships, and limited partnerships

cannot proceed as pro se litigants and may appear in federal court only through counsel.  This

case is no different.  A law firm, like other corporations, partnerships, limited partnerships, must

be represented by counsel and, in the Delaware Bankruptcy Court, comply with the Local Rule

requiring association with Delaware counsel.

Importantly, Local Rule 9010-1(c) requires that an attorney not admitted to practice by

the District Court and the Supreme Court of the State of Delaware associate with Delaware

counsel.  That rule states:

> Unless otherwise ordered, an attorney not admitted to practice by the District
> Court and the Supreme Court of the State of Delaware may not be admitted pro
> hac vice unless associated with an attorney who is a member of the Bar of the
> District Court and who maintains an office in the District of Delaware for the
> regular transaction of business ("Delaware counsel"). Consistent with CM/ECF
> Procedures, Delaware counsel must be the registered users of CM/ECF and shall
> be required to file all papers, including petitions. Unless otherwise ordered,
> Delaware counsel must attend proceedings before the Court.[111]

Further, Local Rule 9010-1(d) requires that "a party not appearing pro se must obtain

representation by a member of the Bar of the District Court or have its counsel associate with a

---

[110] Plaintiff cites to *Gilberg v. Lennon*, 212 A.D.2d 662 (App. Div. 2nd Dept. 1995), a 1995 New York state court case, which held that a partnership of attorneys was not subject to the rule against corporations and voluntary associations appearing pro se in civil actions set forth under New York law.  *Gilberg v. Lennon* is a single case from New York applying New York law and is not binding on this Court.  The weight of the caselaw applying federal and Delaware law, as well as other cases from New York and around the country which support the opposite conclusion, is overwhelming.  The Court therefore does not adopt the conclusion of *Gilberg v. Lennon*.

[111] Del. Bankr. L.R. 9010-1(c).  *See also* Local Rule 9010-1(b) ("Attorneys admitted, practicing, and in good standing in another jurisdiction, who are not admitted to practice by the Supreme Court of the State of Delaware and the District Court, may be admitted pro hac vice in the discretion of the Court, such admission to be at the pleasure of the Court.").

member of the Bar of the District Court in accordance with paragraph (c) above within 28 days after: (i) The filing of the first paper filed on its behalf; . . . ."[112]

As noted above, Brick Law, a PLLC, cannot act pro se, and Mr. Brick, a New York attorney acting as Brick Law's counsel, has failed to associate with a member of the Delaware Bar and has not sought admission pro hac vice.[113]  Moreover, Mr. Brick does not fall within any of the exceptions for filing a pro hac vice motion as set forth in Local Rule 9010-1(e).[114] Consequently, the Court directs that Brick Law retain counsel before it may appear or file any further pleadings in this case.

## **CONCLUSION**

For the foregoing reasons, the Court will grant the Motion to Dismiss Plaintiff's Complaint.


Dated:  June 3, 2025

J. Kate Stickles
United States Bankruptcy Judge

---

[112] Del. Bankr. LR. 9010-1(d).

[113] The Complaint was filed November 13, 2024. In accordance with Local Rule 9010-1(d), Brick Law was required to associate with Delaware counsel within 28 days of filing the Complaint.

[114] Del. Bankr. LR. 9010-1(e) (providing that government employed attorneys, Delaware attorneys with out of state office, and parties in claim litigation are not required to file a motion for pro hac vice and associate with Delaware counsel).